# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| XAVIER ADAMS, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 19-041-JHP-SPS |
| TIFFANY ADE, MARK GENTRY, and DIANA JONES, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Plaintiff's proposed amended complaint, his motion for appointment of counsel (Dkt. 26), and his motion for preliminary injunction (Dkt. 27).

### Proposed Amended Complaint

On July 29, 2019, Plaintiff submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983, naming Terry Underwood, Grievance Coordinator, as an additional defendant and complaining about Underwood's responses to Plaintiff's grievances. Plaintiff did not submit a motion for leave to file an amended complaint, as required by Local Civil Rule 9.2(c). In addition, Plaintiff improperly submitted documents with writing on both sides of the paper, in violation of Local Civil Rule 5.2(a).

The Federal Rules of Civil Procedure set forth the requirements for filing an amended pleading:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Here, Plaintiff's proposed amended complaint fails to comply with the Federal Rules of Civil Procedure and this Court's Local Civil Rules. The Court notes that to the extent the proposed amended complaint is an attempt to raise a claim that Underwood denied his grievances, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("[P]ersonal participation in the specific constitutional violation complained of is essential.").

Because Plaintiff has failed to comply with the Federal and Local Civil Rules, the Court directs the Court Clerk to return the proposed amended complaint unfiled.

## Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel (Dkt. 26). He bears the burden of convincing the Court that his claim has sufficient merit to warrant such appointment. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The Court has carefully reviewed the merits of

Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering Plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the Court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

## Motion for Preliminary Injunction

Finally, Petitioner has filed a motion for preliminary injunction (Dkt. 27). He is asking the Court "to stop the defendants from retaliating against Plaintiff by denying his access to an adequate law library/court and subjecting him to extremely cold air." *Id*. at 1. He claims he was denied access to the law library June 3-7, 2019, and June 17-21, 2019. *Id*. Plaintiff contends "[t]he irreparable injury the plaintiff will suffer is the inability to prepare and submit legal documents in compliance with legal deadlines, and cause him to be procedurally barred." *Id.* at 2. Plaintiff further asserts that prior to commencing this civil rights action, he was subjected to "non-stop extremely cold air." *Id*.

Plaintiff has submitted a document from J. Patterson, Law Library Supervisor, dated July 9, 2019, indicating Plaintiff accessed the law library a total of 6 hours, 20 minutes on June 19, 24, and 28, 2019 (Dkt. 27 at 8). He was on modified lockdown on July 5, 2019. *Id.* According to the response to Plaintiff's Inmate Request dated June 28, 2019, the schedule for law library access is made a week in advance. *Id.* at 11. If an inmate has a confirmed

deadline, he will be provided access as soon as he can be placed on the schedule. *Id.* On June 28, 2019, Plaintiff also submitted an Inmate Request asking for confirmation of his deadline for opposing a motion. *Id.* at 28. The disposition of the Request stated Plaintiff did not have a deadline on file. *Id.*

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction. *See Terry v. Jones*, No. CIV-06-840-F, 2007 WL 962916 (W. D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in his habeas petition); *accord Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint.") (citation omitted)). "Thus, a party moving for a preliminary injunction

4

must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hosp. Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)).

Plaintiff's civil rights complaint concerns allegedly forged disbursements from his trust account (Dkt. 1), an issue completely unrelated to the requests for relief in his motion for preliminary injunction (Dkt. 27). Because the claims in the motion for preliminary injunction are not related to the claims in the complaint, a preliminary injunction cannot be granted. If Plaintiff wants to raise claims of law library access or the air temperature, he may initiate a new civil rights lawsuit to present those issues.

**Defendants' Motion to Dismiss**

The record shows that Plaintiff has not responded to Defendants' motion to dismiss, which was filed on July 2, 2019 (Dkt. 19). If Plaintiff wants to file a response to the motion, he is hereby granted an additional twenty-one (21) days from entry of this Opinion and Order to file a response.

**ACCORDINGLY,**

1. The Court Clerk is directed to return unfiled Plaintiff's proposed amended complaint.

5

2. Plaintiff's motion for appointment of counsel (Dkt. 26) is DENIED.

3. Plaintiff motion for preliminary injunction (Dkt. 27) is DENIED.

4. Plaintiff is granted twenty-one (21) days from the entry of this Opinion and Order to file a response to Defendants' motion to dismiss (Dkt. 19).

**IT IS SO ORDERED** this 31st day of July 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma