# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

XAVIER ADAMS, )
  )
       Plaintiff, )
  )
v. )   No. CIV 19-041-RAW-SPS
  )
TIFFANY ADE, et al., )
  )
       Defendants. )

## OPINION AND ORDER

Plaintiff is a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC") who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Facility ("DCF") in Holdenville, Oklahoma. The defendants are Tiffany Ade, DCF Unit Manager; Mark Gentry, DCF Assistant Warden; and Diana Jones DCF Business Manager. The Court has before it for consideration Plaintiff's complaint (Dkt. 1), Plaintiff's supplement to the complaint (Dkt. 23), a special report prepared by DCF officials at the direction of the Court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 18), Defendants' motion to dismiss (Dkt. 19), and Plaintiff's response to the motion (Dkt. 30).

Plaintiff alleges his cellmate forged disbursements from Plaintiff's inmate account on three occasions in August and September of 2017, and Defendant Unit Manager Tiffany Ale approved the disbursements without verification. The first two disbursements allegedly were taken from Plaintiff's account, but an issue with the account balance apparently prevented the third disbursement.

Plaintiff claims he was discriminated against when he initially requested an investigation, and Defendant Business and Finance Manager Diana Jones assumed Plaintiff

had lied about the stolen funds before conducting an investigation. In addition, Defendant Assistant Warden Mark Gentry allegedly failed to instruct his subordinates to reimburse Plaintiff after there was indisputable evidence that Plaintiff's trust fund account had been compromised. Plaintiff contends Defendants' actions in this matter violated his procedural due process and equal protection rights.

Defendants allege Plaintiff has failed to exhaust the administrative remedies for his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the Court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The DOC has promulgated an inmate/offender grievance process that is used at DCF. According to the DOC Offender Grievance Process, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. If that is unsuccessful, he may submit a Request to Staff ("RTS") within seven calendar days of the incident, alleging only one issue per form. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a

grievance to the appropriate reviewing authority (warden's office), asserting only the issue of the lack of response to the RTS. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance. The grievance must be submitted within 15 days of receipt of the RTS response. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority ("ARA") or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken. (Dkt. 19-1 at 8-16).

Defendants allege Plaintiff's grievance records indicate he filed only one grievance that specifically addressed the claim in his complaint. The record shows Plaintiff submitted an RTS dated September 27, 2017, as required by OP-090124. The RTS was answered by Defendant Jones as "previously answered." (Dkt. 19-2 at 2). Defendants assert this response was a "non-answer."

On October 24, 2017, Plaintiff submitted Grievance No. 2017-1001-283-G to the grievance coordinator. He requested that his claim be investigated and that he be reimbursed the money taken by the erroneous disbursements. (Dkt. 19-2 at 3-4).

As part of her investigation of Grievance 2017-1001-283-G, the Grievance Coordinator gathered the following information: (1) the RTS directed to and answered by Defendant Jones, (2) the three disbursement request forms, and (3) documentation supporting the disbursements. Plaintiff's RTS asked that Jones come by his cell and obtain additional evidence. Defendant Jones advised Plaintiff that she had thoroughly investigated the claim and did not believe the disbursement forms were forged. (Dkt. 19-2 at 5; Dkt. 19-3 at ¶ 9-10, Affidavit of Grievance Coordinator Terry Underwood).

DCF Warden James Yates returned Plaintiff's grievance unanswered on October 31, 2017, noting three deficiencies: (1) a grievance must have been submitted within 15 calendar

days of the alleged incident, (2) the grievance was not properly completed because it was addressed to the wrong person, and (3) an answered RTS must be attached to the grievance. (Dkt. 19-2 at 6-7).

On November 20, 2017, Plaintiff appealed the grievance response the DOC ARA. On December 15, 2017, Mark Knutson, DOC Director's Designee, issued responses to Warden Yates and Plaintiff. A memorandum to Yates stated that a review of the grievance indicated an amended response was needed from DCF, because policy stated that grievances must be filed within 15 days of a response to an RTS, not within 15 days of the incident as stated in the returned grievance. Knutson instructed the DCF reviewing authority to issue an amended grievance response allowing the Plaintiff to resubmit his grievance with an answered RTS. A letter to Plaintiff advised him that the grievance had been forwarded to Warden Yates and that an amended response would be provided within 20 days. (Dkt. 19-2 at 9-12).

On December 26, 2017, the DCF reviewing authority returned Plaintiff's grievance to him, because "[a]n ANSWERED Request to Staff" was not attached to the grievance. In addition, the grievance should have been sent to Warden Yates. Plaintiff was granted ten days to correct the errors and resubmit the grievance. (Dkt. 19-2 at 13-14).

Plaintiff resubmitted the grievance on January 5, 2018, however, he failed to attach an answered RTS as instructed. Therefore, the resubmitted grievance was returned unanswered to Plaintiff on January 16, 2018, with a notation that Plaintiff had not attached an answered RTS as required, and at that point, he was out of time on the matter. (Dkt. 19-2 at 15-18).

Plaintiff appealed that decision to the ARA on February 9, 2018. The appeal was returned unanswered to him on February 20, 2018, with a notation that he had not submitted

4

an answered RTS, and he had failed to follow the instructions in the December 26, 2017, notice. He was advised that he was out of time. (Dkt. 9-2 at 20-22).

Plaintiff submitted nothing further until April 4, 2018, when he submitted to the ARA a Request to Submit Grievance Out of Time, which was granted on April 12, 2018. Plaintiff advised the ARA of his difficulty in obtaining an answered RTS from Defendant Jones. Plaintiff was informed that he would receive an amended response from the facility reviewing authority. (Dkt. 19-2 at 24-26).

Also on April 12, 2018, the ARA corresponded with DCF concerning Plaintiff's argument that he had not received an actual response to his RTS from Defendant Jones until January 9, 2018. The response date was more than ten days after Plaintiff was told on December 26, 2017, that he had ten days to resubmit. Consequently, the resubmission was untimely. Knutson advised that Plaintiff's request to file his grievance out of time was granted. (Dkt. 19-4 at ¶ 17-18, Affidavit of Mark Knutson).

On April 25, 2018, Plaintiff's resubmitted grievance was returned unanswered, however, he was told he could resubmit the grievance with an answered RTS within ten days. Plaintiff also was advised that failure to resubmit the grievance as instructed would waive the right to proceed in the grievance process. (Dkt. 19-2 at 27-28; Dkt. 19-3 at ¶ 19, Affidavit of Terry Underwood).

Despite being granted the opportunity to resubmit, Plaintiff made no further submissions to the DCF reviewing authority. Instead, he submitted a second request to the ARA on July 20, 2018, asking to submit documents out of time. The request was denied by the ARA, noting that there had been no filings from the Plaintiff since April, and that Plaintiff was out of time. (Dkt. 19-2 at 30; Dkt. 19-4 at ¶ 20, 21, Affidavit of Mark Knutson).

Plaintiff then submitted a letter to the ARA requesting copies of ARA responses on this issue. The submission was returned unanswered, because the ARA does not provide additional copies of forms previously provided. (19-2 at 32-33; Dkt. 19-4 at ¶ 20-22, Affidavit of Mark Knutson).

Respondent alleges that to have properly exhausted the administrative remedies for his claim following the April 25, 2018, response from the facility reviewing authority, Plaintiff should have submitted a corrected grievance and RTS with Defendant Diana Jones' January 9, 2018, response. (Dkt. 19-3 at ¶ 20, Affidavit of Terry Underwood; Dkt. 19-4 at ¶ 23, Affidavit of Mark Knutson).

Plaintiff alleges the administrative remedies were unavailable to him when Defendant Jones refused on multiple occasions to answer the RTS Plaintiff submitted to her. He further contends the lack of cooperation by the defendants hindered his efforts to avail himself of the administrative remedies.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Failure to exhaust is excused only if prison officials impede the prisoner's attempts. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (citation omitted).

After careful review of the record, the Court finds the defendants did not prevent Plaintiff from exhausting the administrative remedies for his claim. Although there was a delay in obtaining an answer to Plaintiff's RTS, it eventually was answered and Plaintiff was given time to resubmit his grievance.

**ACCORDINGLY,** Defendants' motion to dismiss (Dkt. 19) is GRANTED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 17th day of March 2020.

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma